## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

OMNI RESOURCE GROUP OF SW FLORIDA,
LLC, formerly known as OMNI EMPLOYEE
BENEFIT CONSULTANTS, LLC,

                Plaintiff,

-vs-                                                  Case No.  2:10-cv-456-FtM-36SPC

DEBORAH BUCHANAN,

                Defendant.
_____

## ORDER

        This matter comes before the Court on Counter-Defendant Terry Stanger's Motion to Compel (Doc. #60) filed on May 5, 2011.  Defendant Deborah Buchanan filed a response in opposition (Doc. #61) on May 16, 2011.  Therefore, the Motion is now ripe for review.

        Counter-Defendant Stanger moves the Court to compel Defendant Buchanan to respond to Stanger's November 4, 2010 First Set of Interrogatories, serve verified responses to Stanger's January 24, 2011 Second Set of Interrogatories, give a better answer to Stanger's Interrogatory #3 in his Second Set of Interrogatories, serve written responses to Stanger's First and Second Requests for Production, and provide Stanger with documents responsive to his First and Second Requests for Production.

        The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories.  Fed. R. Civ. P. 33(b).  If the serving party

does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

With regard to the Interrogatories, Stanger asserts that Defendant has never responded to his First Set of Interrogatories, and provided unsigned answers to Stanger's Second Set of Interrogatories, which were served on November 4, 2010 and January 24, 2011, respectively. The Court finds that Stanger is entitled to verified answers to both sets of interrogatories. Thus, the Court will compel Buchanan to answer both sets of interrogatories, signed and under oath. With regard to Interrogatory #3 of Stanger's Second Set of Interrogatories, which requests a list of all persons present for all incidents of battery committed by Stanger against Buchanan, the Court will not at this time compel Buchanan to provide a more complete answer to this Interrogatory as there is no indication to the Court that the answer is incomplete. The Court will require though that Interrogatory #3, as well as all answers to the interrogatories in the First and Second Set of Interrogatories, be verified.

With regard to the Requests for Production, which were served on November 4, 2010 and December 7, 2010, Buchanan has not served written responses to the categories as required by Fed. R. Civ. Proc. 34(b)(2) or provided responsive documents, even though Stanger has indicated he would pay reasonable costs for copying and mailing. The Motion to Compel with respect to the document requests is due to be granted. Buchanan is obligated to provide the documents to Stanger or object. The Parties must continue to meet and confer regarding discovery obligations prior to Court intervention.

Accordingly, it is now

**ORDERED:**

(1)     Defendant Terry Stanger's Motion to Compel (Doc. #60) is **GRANTED in part**.

(2)     Stanger's Motion to Compel Buchanan to provide verified responses to Stanger's First and Second Set of Interrogatories is **GRANTED**. Buchanan shall provide verified responses to Stanger's First and Second Set of Interrogatories on or before **May 31, 2011.**

(3)     Stanger's request that the Court compel Buchanan to provide a better answer to Interrogatory #3 in his Second Set of Interrogatories is **DENIED**.

(3)     Stanger's Motion to Compel Buchanan to provide written responses and documents to both sets of Stanger's Request for Production is **GRANTED**. Buchanan shall provide responses and documents to Stanger on or before **May 31, 2011**.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th    day of May, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record