**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

OMNI RESOURCE GROUP OF SW
FLORIDA, LLC,

      Plaintiff,

v.                                                Case No:  2:10-cv-456-FtM-99SPC

DEBORAH BUCHANAN,

      Defendant.
_____/

**ORDER[1]**

This matter comes before the Court on the Plaintiff Omni Resource Group of SW Florida, LLC.'s Response to Order to Show Cause (Doc. #78) filed on December 12, 2012.  On December 6, 2012, this Court ordered the Plaintiff to Show Cause why the case should not be closed.  Plaintiff represents that on or about April 10, 2012, the Bankruptcy Court for the Southern District of Indiana discharged Defendant and her joint debtor; although the bankruptcy case was not administratively closed.

In its response to the Order to Show Cause, Omni states that the Discharge Order in Debtor's bankruptcy case has effectively rendered this matter moot by virtue of the fact that all claims relative to this matter constitute discharged property of the bankruptcy estate.  "Once an asset becomes a part of the bankruptcy estate, all rights

---

[1]Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

held by the debtor in the asset are extinguished. . ." Parker v. Wendy's International, Inc., 365 F. 3d 1268, 1272 (11th Cir. 2004). "Thus, a trustee, as the representative of the bankruptcy estate, is the proper party of interest, and is the only party with standing to prosecute causes of action belonging to the [bankruptcy] estate," Id.

The Plaintiff acknowledges the Discharge Order "wiped out" its ability to recover from the Defendant relative to this action. In Re Jones, 389 B.R. 146, 159 (D.C. Mont. 2008).  As such, the Plaintiff states that its claims are now moot and that the bankruptcy stay in this case should be lifted and the case dismissed and closed.

Accordingly, it is now

**ORDERED:**

(1) The Bankruptcy Stay is hereby lifted;

(2) The Plaintiff's case is hereby **DISMISSED;**

(3) The Clerk of the Court is hereby directed to **CLOSE** the case and terminate any pending motions.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record